# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3858 | **DATE** | 5/30/2013 |
| **CASE TITLE** | Prince Patterson (#2012-0118094) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $39.93 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk is directed to forward a copy of this order to the office of inmate trust fund accounts at the Cook County Jail. However, summonses shall not issue at this time. On the Court's own motion, Plaintiff is granted attorney representation. The Court grants Plaintiff assistance of counsel and hereby asks Michael K. Durkin, Storino, Ramello & Durkin, 9501 West Devon Avenue, Suite 800, Rosemont, IL 60018, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should submit an amended complaint within sixty days of the date of this complaint. If counsel is unable to file an amended complaint, he should so inform the Court.

■ **[For further details see text below.]**                                                                             **Docketing to mail notices.**

## STATEMENT

Plaintiff, presently in custody as a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to deliberate indifference to a substantial risk of serious harm. More specifically, Plaintiff claims that on September 27, 2012, he was attacked by other detainees in the dayroom of Division 9, and that a John Doe correctional officer closed the interlock door, refusing to assist him. Plaintiff alleges that, as a result, he was struck several times in the back of the head, stabbed multiple times in the eye and chest, leaving him with severe injuries including a collapsed lung.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $39.93. The supervisor of inmate trust accounts at Stateville is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Preliminary review of Plaintiff's complaint reveals that he has stated a colorable cause of action under the Civil Rights Act, 42 U.S.C. § 1983. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

**(CONTINUED)**

AWL

**STATEMENT (continued)**

However, while Plaintiff may proceed, he has failed to state a cause of action against Defendant Dart. Plaintiff makes his claims against Defendant Dart in his supervisory capacity. Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that Defendant Dart holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

On its own motion, because of the nature of the allegations made in Plaintiff's complaint, the Court grants Plaintiff attorney representation in this case. The Court hereby requests that Michael K. Durkin, Storino, Ramello & Durkin, 9501 West Devon Avenue, Suite 800, Rosemont, IL 60018, provide Plaintiff with assistance of counsel and represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, counsel should submit an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.